THE STATE, DEFENDANT IN ERROR, v. HARWOOD FISH, PLAINTIFF IN ERROR.

Submitted July 6, 1916—Decided March 5th, 1917.

1. Printed words circulated, charging a member of the grand jury with malfeasance of the gravest character in his office, if untrue, are libelous.

2. In a trial of an indictment for libel, it is not permissible to introduce testimony in support of the truth of matters contained in the alleged libelous article but which are not referred to in the indictment or made a ground of charge against the defendant, since, even if it be conceded that the charges at which it is directed be true, it can afford no justification for the untruthful statement which is made the subject of the indictment.

3. A witness who has been examined before the grand jury is under no legal obligation to refrain from stating what was said to or by him while there.

4. A person who circulates a paper containing an untruthful and libelous statement is subject to punishment under indictment, no matter what his motives are or what induces his action.

5. An erroneous statement of law by the prosecutor of the pleas in arguing before the jury cannot be made a ground for reversal under section 136 of the Criminal Procedure act, where no application is made to the court to deal with the statement.

On error to the Union Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and BLACK.

For the plaintiff in error, *Codding & Oliver.*

For the state, *Alfred A. Stein,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted of the crime of libel. The case made against him was that he had circulated a printed article among certain of the voters of his county in which he stated the following of one William E. Johnson, who had been a member of the Union

county grand jury: "As a member of the grand jury he succeeded in protecting the biggest swindler to my mind that ever struck the county, and although I understand an indictment was voted against his friend, for some unexplained reason it was never handed in."

The first ground upon which we are asked to reverse the conviction is that the indictment did not charge a crime, because the words set out in it are not libelous. This point is almost too tenuous for discussion. The words cited charge a member of the grand jury, the holder of a public office of great importance, with malfeasance in his office of the gravest character. That such a charge, if untrue, is plainly libelous was decided by this court in *Heller* v. *Duff*, 62 *N. J. L.* 101.

The next contention is that it was error for the trial court to allow the deputy clerk to read from the record in the clerk's office the names of the members of the grand jury for the May term, 1911, for the purpose of showing that Johnson was a member of that body. This reading was objected to upon the ground that it was immaterial who were the members of the grand jury, except, perhaps, as to William E. Johnson. This objection having been made, the court ruled that the reading was only evidential for the purpose of ascertaining Mr. Johnson's membership. This ruling wiped out the ground of objection, and, consequently, the defendant can take nothing by this contention. We may add that we are unable to see how any harm could have come to the defendant from the reading of this grand jury list, even in the absence of the ruling just referred to.

Next it is urged that the court committed error in excluding testimony offered in support of the truth of other matters contained in the alleged libelous article, but which were not referred to in the indictment, or made a ground of charge against the defendant. We think this testimony was properly excluded, for, if it be conceded that the charges at which it was directed were true in fact, that could not afford any justification for the untruthful statement which is made the subject of the indictment.

Next it is contended that it was erroneous to refuse to permit the defendant to prove matters which had occurred in the grand jury room during the investigation of the charges made against the person who was designated by the defendant as "the biggest swindler that ever struck the county." The offer was to show that facts had been communicated to him by one McDevitt, who had been a witness before the grand jury, that justified him in writing and circulating the libelous article. This testimony was overruled upon the ground that it had a tendency to violate the secrecy of the grand jury room. We do not think this ground of exclusion is sound. A witness who has been examined before a grand jury is under no legal obligation to refrain from stating what was said to and by him while there. The obligation of secrecy rests only upon members of that body, and those associated with them in the administration of justice. But we consider the ruling proper, for the reason that the fundamental question was not what caused the defendant to publish this untruthful charge against Mr. Johnson, but whether it was in fact untruthful. No matter what his motives were, no matter what induced his action, if, in fact, he did circulate the paper, and it contained a libelous and untruthful charge, he is subject to punishment under the indictment.

The next objection is that the court erred in refusing to direct a verdict for the defendant. It is hardly necessary to discuss this. The circular was libelous if the fact stated therein was untrue. The proof of its publication was plenary, if the jury believed the testimony. Whether the charge contained in the circular was true or not was for the jury.

Next it is argued that the court in its charge failed to appreciate the true principle of the law of libel; but as no specific errors are pointed out, we find nothing of substance to deal with in attempting to dispose of this phase of the case.

Another ground of reversal is predicated upon the following situation: The prosecutor of the pleas argued before

the jury that the defendant might be held guilty under the indictment if the jury should conclude that he had sent out the circular, and found no other fact against him.  This was, of course, an erroneous statement of the law, but the harmfulness of it was probably neutralized by the charge of the court.  But even if its injurious effect was not eradicated, it cannot be now appealed to as a justification for a reversal of the conviction.  It is not properly presentable on any assignment of error, for no application was made to the court to deal with the statement; much less was there any exception to any ruling of the court upon the matter.  It cannot be considered under section 136 of the Criminal Procedure act, because it does not come within any of the grounds specified in that section as a justification for a reversal.  By that statutory provision the court of review is only permitted to reverse where the plaintiff in error on the trial below suffered manifest wrong or injury, either in the admission or rejection of testimony, or in the charge of the court, or in the denial of any matter by the court which was a matter of discretion.

Next it is argued that the statement just referred to was concurred in by the court by its oral declaration in the presence of the jury, and that there should be a reversal for this reason.  But no exception was signed and sealed to the statement of the court, and so the present contention does not afford a basis for an assignment of error; and it cannot be considered under the one hundred and thirty-sixth section, for the reason that it does not come within the scope thereof.

Lastly it is contended that the proofs showed that Johnson, the libeled party, was a candidate for office, and that, therefore, the defendant was entitled to circulate libelous articles with relation to his character, provided he acted in good faith, believing them to be true.  No authority is cited for any such contention, and it is manifestly without support in law.

On the whole case we think there should be an affirmance.